IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROMARCUS DEON MARSHALL, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-0804 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

**ORDER OF DISMISSAL**

Pending before the Court is a purported Rule 60(b) motion filed by *pro se* state inmate Romarcus Deon Marshall. Marshall expressly denies that he is seeking habeas relief under section 2254 as to his state conviction or otherwise challenging his state conviction. Rather, he states that he is challenging "the integrity, validity, and adequacy of the state court's post habeas proceedings." (Docket Entry No. 1, p. 1.) Thus, it appears Marshall is attempting to by-pass section 2254 by using Rule 60(b) of the Federal Rules of Civil Procedure as a means for directly challenging the state court habeas proceedings. This, he cannot do.

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to challenge an existing final judgment, order, or proceeding within a certain time frame and for certain reasons. Importantly, it does not bestow a federal district court with jurisdiction over a final judgment, order, or proceeding independent of the lawsuit or proceeding giving rise to the final judgment or order. More importantly, Rule 60(b) does not provide the

federal district court with independent jurisdiction to review challenges to a state court final judgment, order, or proceeding. Although Marshall cites several federal cases where Rule 60(b) was used to challenge a state conviction or state habeas ruling, those cases involved application of Rule 60(b) in context of underlying section 2241 or section 2254 habeas proceedings.

In short, Marshall fails to show that this Court has jurisdiction over a final judgment, order, or proceeding to which his Rule 60(b) motion applies. This Court currently has no jurisdiction to adjudicate Marshall's complaints regarding the state court's habeas proceedings, and his Rule 60(b) motion does not provide the required jurisdiction.

Even assuming Marshall were to present his claims to this Court through a properly-filed section 2254 habeas proceeding, any challenges to the state conviction itself would be barred at this time as unauthorized successive habeas claims. *See In re: Romarcus Deon Marshall*, No. 18-20735 (5th Cir. Dec. 10, 2018) (denying leave to file a successive habeas petition); *In re: Romarcus Deon Marshall*, No. 17-20107 (5th Cir. Apr. 18, 2017) (same); *In re: Romarcus Deon Marshall*, No. 13-20357 (5th Cir. Aug. 12, 2013) (same). Nor would Marshall's claims of a defective state habeas proceeding find favor through section 2254, as the claims do not challenge the conviction itself and are not cognizable grounds for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319–20 (5th Cir. 2001) (noting that alleged defects in state habeas proceedings are generally not cognizable on federal habeas review as they are not challenges to the

conviction itself). Consequently, the Court will not liberally construe Marshall's pleading as a section 2254 habeas petition.

For these reasons, this lawsuit is **DISMISSED WITH PREJUDICE FOR LACK OF JURISDICTION**. Any and all pending motions are **DENIED AS MOOT**. To any extent necessary, a certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 19th day of March, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE